UNITED STATES of America, Plaintiff–Appellee,

v.

Robert CARDENAS–TAPIA, also known as Roberto Cardenas–Tapia, Defendant–Appellant.

No. 04–50964.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 3, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Robert Cardenas–Tapia challenges the sentence he received following his guilty-plea conviction for illegally reentering the United States, a violation of 8 U.S.C. § 1326. Cardenas argues, for the first time on appeal, that the district court plainly erred under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), when it sentenced him under a mandatory guideline sentencing scheme. The argument is reviewed for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *petition for cert. filed*, No. 04–9517 (U.S. Mar. 31, 2005).

In light of *Booker*, the district court clearly erred in computing Cardenas's sentence under a mandatory guidelines system. *See United States v. Valenzuela–Quevedo*, No. 03–41754, 407 F.3d 728, 733, 2005 WL 941353, *4 (5th Cir. Apr.25, 2005). Nevertheless, because Cardenas has not demonstrated that the district court would have imposed a different sentence had it known that the sentencing guidelines were advisory only, he has failed to demonstrate that the error affected his substantial rights.** *Mares*, 402 F.3d at 521–22. Accordingly, Cardenas has failed to carry his burden of demonstrating plain error.

Cardenas concedes that the issue whether 8 U.S.C. § 1326(b)(1) & (b)(2) were

---

** Cardenas's argument that *Mares* was wrongly decided is unavailing. Absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel. *United*

rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court precedent is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve it for further review by the Supreme Court. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). We therefore must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984.

AFFIRMED.

*States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993).